UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **Samir Mikhaeil**, *Plaintiff*, | |
| v. | Case No.: |
| **Kristi Noem**, Secretary, Department of Homeland Security; **Kika Scott**, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services, *Defendants*. | |

**COMPLAINT FOR DECLARATORY RELIEF**

To the Honorable Judge of Said Court:

## I. INTRODUCTION

Samir Mikhaeil ("Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to compel U.S. Citizenship and Immigration Services ("USCIS") ("Defendant") to adjudicate a pending FOIA appeal and to release the records that are the subject of said appeal.

## II.   PARTIES

1. That the Plaintiff, **Samir Mikhaeil (A 205-566-077)**, is a native and citizen of Egypt.

2. That the Defendant, **Kristi Noem**, is the Secretary of the Department of Homeland Security.  Defendant Noem is responsible for the administration and enforcement of the Immigration and Nationality Act in accordance with 8 U.S.C. §1101 *et seq.*  Defendant Noem is being sued in an official capacity.

3. That the Defendant, **Kika Scott**, is the Senior Official Performing the Duties of Director for USCIS, an agency of the United States government involved in the acts challenged in this action.  Defendant Scott is being sued in an official capacity.

## III. JURISDICTION

4. That this is a civil action brought pursuant to 28 U.S.C. §1331 and §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendant to perform duties owed to Plaintiff.

5. That this Court has subject-matter jurisdiction in accordance with 5 U.S.C. § 552 *et seq.* (FOIA).

6. That the aid of the Court is invoked under 28 U.S.C. §2201 and §2202, authorizing a declaratory judgment.

7. That costs and attorneys' fees will be sought pursuant to the Equal Access to Justice Act.  5 U.S.C. §504, 5 U.S.C. §552(a)(4)(E) and 28 U.S.C. §2412(d), *et seq*.

## IV. VENUE

8. That venue is proper in the Jacksonville Division of the Middle District of Florida in accordance with 5 U.S.C. §552(a)(4)(B) insofar as Plaintiff resides in Duval County, Florida, within the territorial jurisdiction of the Jacksonville Division.

## V.  REMEDY SOUGHT

9. That Plaintiff asks this Court to compel Defendant to adjudicate the FOIA appeal received by the agency on February 27, 2025.

## VI. CAUSE OF ACTION

10. That Plaintiff is a native and citizen of Egypt.

11. That on or about December 3, 2012, Plaintiff filed a Form I-589, Application for Asylum and for Withholding of Removal ("Form I-589"), with USCIS.  Plaintiff appeared for a personal interview before the Chicago Asylum Office on January 8, 2013.  On or about January 29, 2013, Plaintiff was issued written notice indicating that his asylum application had been recommended for approval pending completion of certain background checks.

12. That while waiting to receive further notice relating to his Form I-589, Plaintiff filed a request for a copy of his USCIS file through FOIA. In response, USCIS released documentation indicating that Plaintiff's Form I-589 was approved on August 13, 2013.

13. That based on the documentation indicating the approval of his Form I-589, Plaintiff subsequently filed a Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485"), with USCIS seeking to adjust his status to that of an alien lawfully admitted for permanent residence in accordance with 8 U.S.C. §1159(b). Plaintiff's Form I-485 was approved following his appearance at a personal interview before an Immigration Services Officer ("ISO") conducted at a local USCIS Field Office.

14. That on or about January 3, 2024, USCIS issued a Notice of Intent to Rescind Permanent Residence Status ("NOIR") pursuant to 8 U.S.C. §1256(a). This NOIR was based on the agency's allegation that Plaintiff's Form I-589 had not been approved and that he was therefore not qualified for the adjustment of status granted as described in the paragraph above.

15. That Plaintiff responded to the NOIR by requesting a hearing before an Immigration Judge ("IJ") in rescission proceedings. Plaintiff's case is currently pending in rescission proceedings before the Orlando Immigration Court and his next hearing is scheduled for August 8, 2025.

16. That Plaintiff filed a new FOIA request that was received by USCIS on or about February 10, 2025.  *See* 5 U.S.C. §552 *et seq*.  This request was assigned the following case number: NRC2025067272.

17. That the agency responded to this request, in part, on or about February 20, 2025.

18. That on or about February 27, 2025, USCIS received Plaintiff's appeal of its FOIA response.   The agency confirmed its receipt of this FOIA Appeal and assigned the following case number to Plaintiff's FOIA appeal: APP2025002333REQ.

19. That 5 U.S.C. §552(a)(6)(A)(ii) provides, in pertinent part, that

    "[e]ach agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall - make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection."

20. That the agency has not responded to Plaintiff's FOIA appeal within the period set forth in §552(a)(6)(A)(ii).

21. That while §552(a)(6)(A)(ii) provides avenues through which the agency can toll the twenty-day response period by requesting clarification of the FOIA request, Plaintiff is unaware of any such request to toll the response period as permitted in accordance with §552(a)(6)(A)(ii).

22. That while §552(a)(6)(B) provides an avenue through which the agency can extend the proscribed time-period to reply to a FOIA appeal by providing written notice setting forth certain "unusual circumstances" creating a delay in its response, Defendant has not sent any written notice to Plaintiff claiming the existence of any such "unusual circumstances." *See* 5 U.S.C. §552(a)(6)(B)(i).

23. That in accordance with 5 U.S.C. §552(a)(6)(C)(i),

    "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph. If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request. Any notification of denial of any request for records under this subsection shall set forth the names and titles or positions of each person responsible for the denial of such request."

24. That despite a statutory obligation to do so, Defendants have failed to adjudicate Plaintiff's FOIA appeal within the required timeframe described at §552(a)(6)(A)(ii).

25. That Plaintiff submits that he is entitled to a judgment declaring that Defendants have violated FOIA. Furthermore, Plaintiff seeks an order from the District Court requiring the agency to respond to the pending FOIA Appeal.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;

2. Conduct such hearings and examinations of Plaintiff as necessary to determine that the relief requested by Plaintiff is warranted as a matter of law;

3. Order Defendant to expeditiously process Plaintiff's pending FOIA appeal and to disclose all responsive, nonexempt records or portions of records and to produce indexes justifying the withholding of any responsive records withheld under a claim of exemption;

4. Grant attorneys' fees and costs of this suit under 5 U.S.C. §552(a)(4)(E), the Equal Access to Justice Act, 28 U.S.C. §2412, or any other applicable provision authorizing attorneys' fees;

5. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

/s/  David Stoller  /s/
David Stoller, Esquire
Attorney for Plaintiff
Law Offices of David Stoller, PA
Attorney for Plaintiff
4445 Conway Rd.
Orlando, Florida 32812
T: 407-999-0088
F: 407-382-9916
Florida Bar No. 92797
david.stoller@davidstollerlaw.com

# Table of Contents
## Documents in Support of Complaint

**Samir Mikhaeil v. Kristi Noem, Secretary, Department of Homeland Security, *et al*.**